**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW STONE, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| FIRST CREDIT SERVICES INC, a New | ) **JURY TRIAL DEMANDED** |
| York Corporation; TRAVELERS | ) |
| CASUALTY AND SURETY | ) |
| COMPANY OF AMERICA, a | ) |
| Connecticut company, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

COMES NOW Matthew Stone, Plaintiff, and states the following Complaint against Defendant FIRST CREDIT SERVICES INC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA as surety for the actions of Defendant FIRST CREDIT SERVICES INC in violation of the FDCPA per the terms of a surety bond.

JURISDICTION AND VENUE

1.   This action arises out of Defendant FIRST CREDIT SERVICES INC's

illegal and improper efforts to collect a consumer debt, and includes

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et*

*seq.* (the "FDCPA").

2.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal

Question).

3.   This Court has personal jurisdiction over the Defendants for the purposes of

this action because Defendant FIRST CREDIT SERVICES INC is a New

York Corporation that regularly attempts to collect debts from residents of

Georgia in the State of Georgia, Defendants transact business in the State of

Georgia, the committed acts that form the basis for this suit occurred within

the State of Georgia, Defendant FIRST CREDIT SERVICES INC targeted

Plaintiff, a Georgia resident, in the State of Georgia, and both Defendants

have a registered agent in the State of Georgia.

4.   Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §

1391 because Defendants have registered agents located within this District,

and Plaintiff is a resident of this District.

<u>PARTIES</u>

5.    FIRST CREDIT SERVICES INC is a New York Corporation registered to

do business in the State of Georgia with a registered agent named

Corporation Service Company located at 2 SUN COURT, SUITE 400,

PEACHTREE CORNERS, GA, 30092.

6.    TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

("TRAVELERS"), as surety for Defendant FIRST CREDIT SERVICES

INC, is liable for the acts of Defendant FIRST CREDIT SERVICES INC

pursuant to a surety bonds, Bond Number 7752151205 MN (attached hereto

as **Exhibit A**), that grants Plaintiff a right of action on the bond for the

injuries Plaintiff sustained as a result of Defendant FIRST CREDIT

SERVICES INC's violations of the FDCPA and other consumer protection

laws.

7.    TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA is

a Connecticut company that, upon information and belief, regularly transacts

business within the State of Georgia, and who has a registered agent in

Gwinnett County, Georgia.

## FACTUAL ALLEGATIONS

8.  Mr. Stone is a natural person, and is not a corporation, limited liability company, or other legal entity.

9.  Defendant First Credit Services Inc is a debt collector according to its website.[1]

10. Defendant First Credit Services Inc is registered as a collection agency with the Minnesota Department of Commerce.

11. Defendant First Credit Services Inc is licensed in Florida as a consumer collection agency with license number CCA0900654.

12. In short, Defendant First Credit Services Inc is a debt collector.

13. Defendant First Credit Services Inc regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

---

[1] "First Credit Services is a BPO company and a digital debt collection agency that specializes in First-Party and Third-Party collections, and Customer Service Outsourcing. Utilizing our flexible OmniExp platform we can tailor our consumer engagements to meet most business needs." Leading Debt Collection agency in USA - First and Third Party Collections, FIRST CREDIT SERVICES INC, *available at* (https://www.firstcreditonline.com/) (last accessed April 25, 2022).

14.   The principal purpose of Defendant First Credit Services Inc's business is the collection of any debts using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

15.   Defendant TRAVELERS is surety for the actions of its principal, Defendant First Credit Services Inc, pursuant to a surety bond, Bond Number 7752151205 MN (attached hereto as **Exhibit A**).

16.   The Bond is for the benefit of "all persons suffering damages by reason of Principal's failure to comply with . . . legal obligations arising out of Principal's conduct as a collection agency." **Exhibit A**.

17.   The Bond is not limited by geographic bounds as to where the conduct of the principal, here First Credit Services Inc, occurred or where the injured, here the Plaintiff, resides.  **Exhibit A**.

18.   The Bond creates an independent cause of action available to any person damaged as a result of First Credit Services Inc's violations of its obligations arising out of its conduct as a collection agency.  **Exhibit A**.

19.   Defendant TRAVELERS, as surety for Defendant First Credit Services Inc, is liable for the actions of its principal— First Credit Services Inc —up to the total amount of the bond.

20.   Mr. Stone had a gym membership account with a gym doing business as Knuckle Up Fitness.

21.   Knuckle Up Fitness is an establishment that provides, as one of its primary purposes, services or facilities which are purported to assist patrons to improve their physical condition or appearance through changes in weight, weight control, treatment, or exercise.

22.   Two different LLCs claim to do business as Knuckle Up Fitness—Fight For Fitness LLC and Fight For Fitness North LLC.

23.   These two companies appear to be owned by the same individual or individuals.

24.   However, Mr. Stone's health spa gym membership was with Fight For Fitness North LLC, doing business as Knuckle Up Fitness.

25.   Mr. Stone executed what was purported to be a "Martial Arts Student Agreement" dated September 12, 2018, with Fight For Fitness North LLC.

26.   This alleged "Martial Arts Student Agreement" is a deliberate and intentional attempt to avoid the requirements for all gyms in Georgia, which are considered health spas under Georgia law, to comply with O.C.G.A. § 10-1-393.2.

27.   In fact, this purported "Martial Arts Student Agreement" includes the language "FURTHERMORE, STUDENT ACKNOWLEDGES BY HIS/HER SIGNATURE BELOW THAT HE/SHE IS ENTERING INTO A CONTRACT WITH A MARTIAL ARTS INSTRUCTION FACILITY, AND NOT A "HEALTH SPA" AS CONTEMPLATED BY O.C.G.A. § 10-1-393.2 et seq."

28.   However, a company such as Knuckle Up Fitness cannot contract around the requirements of O.C.G.A. § 10-1-393.2 with a Georgia consumer.

29.   In fact, the purported "Martial Arts Student Agreement" includes additional language that makes it clear the purported agreement was for more than "martial arts training," but also for the use of facilities and equipment for exercise, including the following language: "THE USE OF WEIGHTS AND THE USE OF ANY AND ALL MACHINERY, EQUIPMENT, AND APPARATUS DESIGNED FOR TRAINING SHALL BE AT THE STUDENT'S SOLE RISK. STUDENT UNDERSTANDS THAT THE DECISION TO USE EQUIPMENT AND/OR PARTICIPATE IN TRAINING PROGRAMS SHALL BE SOLELY STUDENT'S RESPONSIBILITY. THE STUDENT UNDERSTANDS THAT PARTICIPATION IN ANY CONTACT SPORT INCLUDING, BUT NOT

LIMITED TO, EXERCISE TRAINING, WEIGHT LIFTING,

KICKBOXING AND OTHER FORMS OF MARTIAL ARTS, HAS

CERTAIN INHERENT RISKS, AND STUDENT HEREBY AGREES

AND UNDERSTANDS THAT THEY ARE ASSUMING SUCH RISKS

VOLUNTARILY AND KNOWINGLY."

30.  The purported "Martial Arts Student Agreement" also identifies Knuckle Up

Fitness as a Health Spa under Georgia law in the following contract

language: "State law requires that we inform you that should you (the

Buyer) choose to pay for any part of this agreement in advance, be aware

that you are paying for future services and may be risking loss of your

money in the event this health spa ceases to conduct business. Health spas

do not post a bond, and there may be no other protections provided to you

should you choose to pay in advance."

31.  In a letter dated February 12, 2020, Christopher Wilson, the CEO and owner

of Knuckle Up Fitness, was expressly told that by the Georgia Attorney

General's Office that, upon the Attorney General's investigation, Knuckle

Up Fitness was indeed a "health spa" that was required to comply with

O.C.G.A. § 10-1-393.2's contract requirements.

32.   In short, prior to Mr. Stone requesting cancellation of his gym membership,

Knuckle Up Fitness had actual knowledge that its gym membership contract

failed to comply with Georgia law, specifically O.C.G.A. § 10-1-393.2, and

was therefore unenforceable as a matter of law.

33.   Knuckle Up Fitness's gym membership contract violated the requirements of

O.C.G.A. § 10-1-393.2 in multiple ways, but in two specific ways important

to Mr. Stone.

34.   Knuckle Up Fitness's gym membership contract intentionally sought to

avoid the requirements of O.C.G.A. § 10-1-393.2 by calling itself not a gym

membership, but also seeking to disclaim O.C.G.A. § 10-1-393.2 within the

contract.

35.   Knuckle Up Fitness's gym membership with Mr. Stone also included an

indefinite term of membership, which violates O.C.G.A. § 10-1-393.2(b)'s

prohibition of terms in excess of 36 months.

36.   During 2020, Knuckle Up Fitness closed as a result of the COVID-19

pandemic.

37.   Knuckle Up Fitness ceased providing services to its members, including Mr.

Stone, during this time.

38.   Knuckle Up Fitness ceased billing Mr. Stone during this time.

39.  Mr. Stone was not offered an alternative location by Knuckle Up Fitness within 10 miles of any Knuckle Up Fitness location during the time Knuckle Up Fitness ceased operations.

40.  Mr. Stone did not use any services from Knuckle Up Fitness from the point they ceased providing services during the pandemic, up to the present.

41.  On or about July 12, 2020, Knuckle Up Fitness began billing Mr. Stone for use of its facilities again through its billing agent, ABC Financial Services Inc.

42.  Upon information and belief, ABC Financial Services Inc is now ABC Fitness Solutions LLC, a successor-in-interest entity.

43.  Upon information and belief, Mr. Stone received no notification from Knuckle Up Fitness that they would restart their billing.

44.  Mr. Stone did not authorize Knuckle Up Fitness to restart his billing.

45.  Mr. Stone did not authorize ABC Financial Services Inc to restart his billing.

46.  Mr. Stone did not authorize ABC Fitness Solutions LLC to restart his billing.

47.  From July 2020, to October 2020, ABC Financial Solutions Inc issued a total of four charges of $109.00 each, for a total of $436.00 in unauthorized charges, on Mr. Stone's credit card on file.

48.   Mr. Stone did not visit a Knuckle Up Fitness gym location in from July of 2020 through October of 2020.

49.   Between the October 2020 charge and the November 2020 dues payment, Mr. Stone's credit card was cancelled and changed as a result of fraud.

50.   The November 2020 dues payment ABC Financial Services Inc tried to charge on Mr. Stone's credit card was declined.

51.   The November 2020 dues Knuckle Up Fitness claimed Mr. Stone owed was $109.00.

52.   The December 2020 dues Knuckle Up Fitness claimed Mr. Stone owed was $109.00.

53.   Mr. Stone did not visit a Knuckle Up Fitness gym location in either November 2020 or December 2020.

54.   Mr. Stone contacted Knuckle Up Fitness to ensure the gym membership was canceled on December 10, 2020.

55.   Knuckle Up Fitness claimed there was a 30-day cancellation window, when no enforceable contract existed allowing for this 30-day cancellation window.

56.   Knuckle Up Fitness claimed Mr. Stone had to pay all past-due amounts before cancellation could be promised.

57.   In short, Mr. Stone could not cancel his account until the amounts Mr. Stone

disputed as due were paid, and if they were not then Knuckle Up Fitness

would continue to bill Mr. Stone for future amounts.

58.   ABC Financial Services Inc sent Mr. Stone a collection letter dated January

2, 2021, claiming Mr. Stone's account was past due and in default (the

"ABC Collection Letter").

59.   The ABC Collection Letter claimed Mr. Stone owed $218.00.

60.   The $218.00 amount the ABC Collection Letter claimed Mr. Stone owed

would equal the November 2020 and December 2020 dues of $109.00 each

month Knuckle Up Fitness alleged Mr. Stone owed.

61.   The ABC Collection Letter claimed that Mr. Stone's account had a "Cancel

date" of "1/11/21".

62.   The ABC Collection Letter identified no Late/Service Fees or Cancellation

Fee being owed, but instead identified a "Total Due To Cancel" of

"$218.00".

63.   The $218.00 sought in the ABC Collection Letter is not permitted by law or

contract.

64.   The ABC Collection Letter claimed the debt was owed regarding a

membership with KNUCKLEUP FITNESS ALPHARETTA 2.

65.   Upon information and belief, ABC Financial Services Inc hired Defendant
      First Credit Services Inc to collect the alleged debt on behalf of Knuckle Up
      Fitness.

66.   Defendant First Credit Services Inc sent Mr. Stone a collection letter dated
      May 3, 2021, seeking to collect an alleged debt in the amount of $884.50
      allegedly owed to an original creditor identified as "FIGHT FOR FITNESS
      LLC, ALPHARETTA 2" (the "First Credit Collection Letter").

67.   This $884.50 amount sought by Defendant First Credit Services Inc is not
      correct.

68.   The $884.50 amount in the First Credit Collection Letter is more than the
      $218.00 sought in the ABC Collection Letter.

69.   Mr. Stone never had a contract with Fight For Fitness LLC.

70.   The only gym membership Mr. Stone had was with Fight For Fitness North
      LLC, and that agreement is unenforceable as a matter of Georgia law.

71.   Mr. Stone does not owe $884.50 to Defendant First Credit Services Inc.

72.   Mr. Stone does not owe $884.50 to to ABC Financial Services Inc, or its
      successor in interest, to ABC Fitness Solutions LLC.

73.   Mr. Stone does not owe $884.50 to Fight For Fitness LLC.

74.   Mr. Stone does not owe $884.50 to Fight For Fitness North LLC.

75.     The $884.50 Defendant First Credit Services Inc sought to collect from Mr. Stone is not permitted by law or by contract.

76.     Defendant First Credit Services Inc reported the alleged debt in the incorrect amount of $885 on Mr. Stone's Transunion credit report on April 27, 2021.

77.     The amount Defendant First Credit Services Inc reported to Transunion is incorrect.

78.     The amount Defendant First Credit Services Inc reported to Transunion is permitted by law or contract.

79.     Mr. Stone does not owe $885 to Knuckle Up Fitness.

80.     Defendant First Credit Services Inc's actions caused Mr. Stone to suffer stress, anxiety, frustration, fear, and anger in the form of emotional distress.

81.     Mr. Stone's legal counsel sent Defendant First Credit Services Inc a pre-suit ante-litem letter pursuant to Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*, on April 25, 2022.

82.     Mr. Stone's legal counsel also sent Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, and ABC Fitness Solutions LLC a pre-suit ante-litem letters pursuant to Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*, on April 25, 2022.

83. Mr. Stone will amend or supplement his Complaint to include claims that Defendant First Credit Services Inc violated Georgia's Fair Business Practice Act, O.C.G.A. §§ 10-1-390 *et seq.*, if the issues within the ante-litem letter are not resolved within the required 30-day deadline.

84. Mr. Stone will amend or supplement his Complaint to include claims that Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, and ABC Fitness Solutions LLC each violated Georgia's Fair Business Practice Act, O.C.G.A. §§ 10-1-390 *et seq.*, if the issues within their respective ante-litem letters are not resolved within the required 30-day deadline.

85. Upon information and belief, Defendant First Credit Services Inc is in competition with other debt collection companies.

86. The actions of Defendant First Credit Services Inc in seeking to collect debts not owed by consumers, such as Mr. Stone, on behalf of ABC Financial Services Inc, its successor-in-interest ABC Fitness Solutions LLC, and the gym clients of the ABC entities such as Fight For Fitness LLC and Fight For Fitness North LLC, impact the consumer marketplace for the provision of health spa services to Georgia consumers, as well as the collection of health spa-related consumer debts from Georgia consumers.

87.   Defendant First Credit Services Inc is subject to the provisions of Georgia's
      Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

88.   Upon information and belief, ABC Financial Services Inc, and its successor-
      in-interest ABC Fitness Solutions LLC, are in competition with other
      payment and management solutions for gyms and gym owners.

89.   The actions of ABC Financial Services Inc, and its successor-in-interest
      ABC Fitness Solutions LLC, in seeking to collect debts not owed by
      consumers, such as Mr. Stone, on behalf of their gym clients such as Fight
      For Fitness LLC and Fight For Fitness North LLC, impact the consumer
      marketplace for the provision of health spa services to Georgia consumers,
      as well as the collection of health spa-related consumer debts from Georgia
      consumers.

90.   ABC Financial Services Inc, and its successor in interest ABC Fitness
      Solutions LLC, are subject to the provisions of Georgia's Fair Business
      Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

91.   Upon information and belief, Fight For Fitness LLC and Fight For Fitness
      North LLC are in competition with other gyms in the State of Georgia,
      specifically within the Atlanta metro area, for the provision of gym and
      fitness-related solutions to Georgia consumers.

92.   The actions of Fight For Fitness LLC and Fight For Fitness North LLC in illegally and intentionally seeking to contract around Georgia's consumer protection laws related to gyms, seeking to collect debts not owed by Georgia consumers, seeking to lock Georgia consumers, such as Mr. Stone, into never-ending, open-ended contracts in violation of Georgia law, and then sending those illegal and incorrect debts out to collection agencies, impact the consumer marketplace for the provision of health spa services to Georgia consumers, as well as the collection of health spa-related consumer debts from Georgia consumers.

93.   Fight For Fitness LLC and Fight For Fitness North LLC are subject to the provisions of Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

94.   Georgia's Fair Business Practices Act is intended to "protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state" and is intended to be "liberally construed and applied to promote its underlying purposes and policies."  O.C.G.A. § 10-1-391(a).

95.   Georgia's Fair Business Practices Act imposes a duty on all businesses and individuals to refrain from engaging in "[u]nfair or deceptive acts or

practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a).

96.   Plaintiff's injuries caused by Defendant First Credit Services Inc's violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, invaded his right to be free from attempts to collect debts he does not owe, invaded his right to be given accurate information about how much of a debt he does owe, invaded his right to be treated fairly and with conscious regard, and have resulted in Mr. Stone suffering stress and anxiety, emotional distress, as well as valuable lost time and resources.

## CAUSES OF ACTION

### Count 1
*Violations of the Fair Debt Collection Practices Act*

97.   Defendant First Credit Services Inc's efforts to collect an incorrect amount from Mr. Stone on the alleged debt violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

98.   Defendant First Credit Services Inc's efforts to collect an amount from Mr. Stone not permitted by law or by contract violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

99.    Defendant First Credit Services Inc's communication of an incorrect amount for the alleged debt to Mr. Stone violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

100.    Defendant First Credit Services Inc's communication of an incorrect amount for the alleged debt to Transunion for placement on Mr. Stone's Transunion credit report violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

101.    Defendant First Credit Services Inc's efforts to collect a debt from Mr. Stone that he does not owe violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

102.    Defendant First Credit Services Inc's false, misleading, or deceptive statements as to how much Mr. Stone owes on the alleged debt violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

103.    Defendant First Credit Services Inc's use of unfair or unconscionable means in its attempt to collect the alleged debt—namely, by seeking to collect a debt that Mr. Stone does not owe, that is not permitted by law or contract, and for an incorrect amount—violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

104.   As a direct result Defendant First Credit Services Inc's actions in violation

of the FDCPA, Mr. Stone suffered stress, anxiety, and emotional distress—

otherwise known as garden-variety emotional distress—and suffered lost

resources and valuable time in dealing with these collection efforts.

105.   Further, Defendant First Credit Services Inc's violations of the FDCPA, 15

U.S.C. §§ 1692 *et seq.*, make it liable to Mr. Stone for not just the actual

damages identified above, but also for statutory damages of up to the

maximum of $1,000 for each Defendant, plus reasonable court costs and

attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**Count 2**
*Violations by Defendants of Georgia's Fair Business Practices Act*

106.   Defendant First Credit Services Inc's efforts to collect improper and illegal

amount from Mr. Stone, misrepresentations as to how much Mr. Stone owes

on the alleged debt, reporting incorrect and inaccurate information to Mr.

Stone's Transunion credit report, and its false, misleading, or deceptive

representations to Mr. Stone and to Transunion as to the amount, character,

and nature of the alleged debt, are unfair or deceptive acts or practices in the

conduct of consumer transactions.

107. The efforts of Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, and ABC Fitness Solutions LLC to collect improper and illegal amounts from Mr. Stone, misrepresentations as to how much Mr. Stone owes on the alleged debt, reporting incorrect and inaccurate information to Mr. Stone's Transunion credit report, and their false, misleading, or deceptive representations to Mr. Stone and to Transunion as to the amount, character, and nature of the alleged debt, are unfair or deceptive acts or practices in the conduct of consumer transactions.

108. The unauthorized charges for services not provided, on an unenforceable contract, that was unliterally breached by Knuckle Up Fitness, that were issued by Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, and ABC Fitness Solutions LLC in the amount of $436.00 are unfair or deceptive acts or practices in the conduct of consumer transactions.

109. Fight For Fitness LLC and Fight For Fitness North LLC's efforts to avoid responsibility for complying with Georgia's consumer protection laws relating to gyms, namely O.C.G.A. § 10-1-393.2, violate Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*

110.   Upon information and belief, the actions of Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and Defendant First Credit Services Inc, as described above, were done intentionally in order to try and mislead, deceive, harass, oppress, intimidate, or abuse Plaintiff into paying the alleged debt—in short, those actions and representations were made with the intent to cause Plaintiff to rely upon them so that he would feel forced to pay an incorrect amount of a debt he did not owe in order to make the harassment, oppression, and abuse stop.

111.   Plaintiff relied upon the representations of Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and Defendant First Credit Services Inc as to the amount of the Alleged Debt, the character and nature of the alleged debt, and whether the only way to end the repeated and continuous collection efforts was to pay the alleged debt even if he did not owe it.

112.   As a result of Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and Defendant First Credit Services Inc's unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered stress, anxiety, and emotional

distress—otherwise known as garden-variety emotional distress—plus unauthorized charges for services not rendered, in amount to be shown with more particularity at a later date, but not less than $436.00.

113. Defendant Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and Defendant First Credit Services Inc each compete within their respective consumer marketplaces with other companies who seek to engage in consumer transactions with Georgia residents, and these companies' actions in disregard to Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, impact the consumer marketplace by creating an unfair competitive disadvantage for those companies who do comply with Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*

114. Upon information and belief, Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and Defendant First Credit Services Inc have each practiced the same disregard for consumer rights visited upon Plaintiff by their acts complained of in this case with other consumers, and the consumer transactions that compose Plaintiff's claims are therefore not private transactions, but instead impact the entirety of the consumer marketplace.

115.   Defendant First Credit Services Inc's unfair and deceptive acts or practices
in the conduct of consumer transactions violate Georgia's Fair Business
Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA").

116.   Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial
Services Inc, and ABC Fitness Solutions LLC's unfair and deceptive acts or
practices in the conduct of consumer transactions violate Georgia's Fair
Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA").

117.   Plaintiff served a pre-suit notice required by Georgia's FBPA pursuant to
O.C.G.A. § 10-1-399 on Fight For Fitness LLC, Fight For Fitness North
LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and
Defendant First Credit Services Inc, and will amend or supplement his
Complaint after thirty (30) days from the date of that service, once his
claims under Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, become ripe.

***Count 3***
*Punitive Damages Against Defendants Under Georgia's FBPA*

118.   Plaintiff has a statutorily created right to "exemplary damages," sometimes
also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for

intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

119. Plaintiff served a pre-suit notice under Georgia's FBPA pursuant to O.C.G.A. § 10-1-399 on Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and Defendant First Credit Services Inc, and will amend or supplement his Complaint after thirty (30) days from the date of service once his claims under Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, become ripe.

### Count 4
*Contract claims against Defendant Travelers Casualty and Surety Company of America based on the Surety Bond for the actions of Defendant Jefferson Capital Systems LLC*

120. Defendant Travelers Casualty and Surety Company of America is a surety for Defendant First Credit Services Inc pursuant to a surety bond, Bond Number 7752151205 MN (attached hereto as **Exhibit A**).

121. The Bond creates a right of action on the bond for any third party who has been harmed by the actions of the principal, Defendant First Credit Services Inc, in violation of the principal's "legal obligations arising out of its conduct as a collection agency."  **Exhibit A**.

122.  The Bond is not limited in geographic scope, whether by the geographic region in which the conduct occurred, the geographic region targeted by the conduct, or the geographic region of the person damaged by the actions of the principal.  **Exhibit A**.

123.  First Credit Services Inc, as a collection agency, is obligated to comply with the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA").

124.  First Credit Services Inc, as a collection agency, is obligated to comply with Georgia's Fair Business Practices Act, O.C.G.A.  §§ 10-1-390 *et seq.* ("Georgia's FBPA").

125.  Plaintiff claims that Defendant First Credit Services Inc has not complied with either the FDCPA or Georgia's FBPA.

126.  Plaintiff seeks recovery from Defendant TRAVELERS any and all losses he suffered as a result of Defendant First Credit Services Inc's conduct up to the total of the bond in the amount of $50,000.00.

## JURY DEMAND

127.  Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)    Find all Defendant First Credit Services Inc liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)    Award Plaintiff the full $1,000 statutory damages for Defendant First Credit Services Inc's FDCPA violations;

(3)    Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)    Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)    Find Defendant Travelers Casualty and Surety Company of America liable for any and all damages, attorneys fees, and costs for which Defendant First Credit Services Inc is liable up to the total surety bond amount;

(6)    Allow Plaintiff to amend or supplement his Complaint to bring any remaining Georgia FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, claims against Fight For Fitness LLC, Fight For Fitness North LLC, ABC Financial Services Inc, ABC Fitness Solutions LLC, and Defendant First Credit Services Inc.

(7)    Award Plaintiff the reasonable costs of this action;

(8)    Award Plaintiff other reasonable expenses of litigation;

(9)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this 27 April 2022.

/s/ John William Nelson
John William Nelson
Georgia Bar No. 920108

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.     404.348.4462
Fax.    404.549.6765


ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**   27 April 2022

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.  404.549.6765

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, Plaintiff <u>Matthew Stone</u>, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      04 / 27 / 2022

                 Signature

Doc ID: e919f324e7ea14179c3fc52a7ab58fb01dd780a9