**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HERC RENTALS INC. and<br>HERC BUILD, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| THE EQUIPMENT RENTAL<br>COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

The plaintiffs, Herc Rentals, Inc. and Herc Build, LLC (together, "Herc"),

allege the following for their complaint against the defendant, The Equipment Rental

Company LLC ("TERC"):

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement and unfair competition

under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and for common-law trademark

infringement and unfair competition under the law of the State of Georgia, violations

of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*,

violations of Georgia's fraudulent trademarks statute, O.C.G.A. § 23-2-55, and

violation of Georgia's antidilution statute, O.C.G.A. § 10-1-45, in connection with

TERC's advertising, promotion, marketing, and selling, and renting equipment and related services in violation of Herc's established rights in its common-law and federally registered marks for similar goods and services.

## PARTIES

2.      Herc Rentals Inc. is a Delaware corporation with its principal place of business at 27500 Riverview Center Blvd., Bonita Springs, Florida 34134.

3.      Herc Build, LLC is a Delaware limited liability company with its principal place of business at 27500 Riverview Center Blvd., Bonita Springs, Florida 34134.

4.      TERC is a Georgia limited liability company with its principal place of business at 45 Peachtree Industrial Blvd., Suite 200, Sugar Hill, Georgia 30518.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because Herc's claims arise under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

6.      This Court has supplemental jurisdiction over Herc's state law claims under 28 U.S.C. § 1367 because they are so related to the federal law claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

7.     This Court has personal jurisdiction over the defendant because it resides in and has engaged in infringing activities in the State of Georgia and in this district.

8.     Venue is proper in this district under 28 U.S.C. §1391(b) because the defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this district.

9.     Venue is proper in this division under LR App. A, I, NDGa, because the Defendant's principal place of business is in Gwinnett County.

## FACTUAL ALLEGATIONS

10.     Herc is a premier, full-service equipment rental company providing customers the equipment, services, and solutions they need to achieve optimal performance safely, efficiently, and effectively.

11.     Herc traces its roots to 1965, when its predecessor, HERC (*i.e.*, Hertz Equipment Rental Company), was formed as a wholly owned subsidiary of the Hertz Corporation.   In 2016, Herc Rentals became an independent, publicly traded company.

12.     Today, Herc has approximately 6,100 employees and 333 locations across the United States and Canada, 16 of which are located in the State of Georgia.

13.     Herc serves a broad range of customers, industries, and markets, including aerospace and airports, entertainment, rail and transit, warehousing and distribution, and manufacturing and assembly.

14.     Herc offers for sale and rental a wide variety of equipment, from heavy equipment such as light towers, forklifts, loaders, excavators, scissor lifts, generators, air compressors, booms, mixers, containers, track loaders, skid steers, and fuel tanks to tools such as drills, saws, pipe threaders, cables, wrenches, sanders, and cameras.

15.     Herc also offers financing in connection with equipment leases and rentals, offers specialty equipment under its Herc ProContractor and Herc ProSolutions brand names, and offers its ProControl by Herc Rentals platform to provide customers the ability to manage their Herc Rentals fleet and transactions.

**Herc's Marks**

16.     Herc has built a portfolio of valuable, well-known marks through which the public recognizes Herc as the source of the goods and services offered under such marks.

17.     For many decades, Herc and its predecessor have used the HERC mark in connection with the goods and services it offers to the public, including the services described above.

18.    The HERC mark is used on signs at Herc facilities, advertising, brochures, industry catalogs, participation and sponsorship of industry events, trade shows, social media, its website, and the equipment itself that Herc makes available for rent (which is often publicly visible at, e.g., construction sites).

19.    Herc consistently uses its mark with a yellow color scheme:

   

20.    The yellow color scheme runs throughout informational and promotional material prepared by Herc, including on its website:



21.     Herc has expended significant resources and efforts in developing, promoting, and advertising the HERC mark, such that the HERC mark has become well known in the State of Georgia and throughout the United States through its use in commerce in connection with Herc's goods and services.

22.     As a result of Herc's continuous and longstanding use of the HERC mark, the HERC mark has acquired substantial goodwill and enjoys strong common-law rights throughout the United States, including in the State of Georgia.

23.     In addition to its common-law trademark rights in the HERC mark, Herc owns the following federal registrations for the goods and services identified on the registration certificates:

| Mark | Reg. No. | Registration Certificate Attached as: |
|---|---|---|
| HERC | 1609358 | Ex. A |
| HERC READY FINANCE | 4477274 | Ex. B |
| HERC RENTALS PROSOLUTIONS | 5676121 | Ex. C |
|  | 5676122 | Ex. D |

6

| | | |
|---|---|---|
| **HercRentals ProSolutions** | 5676123 | Ex. E |
| HERC RENTALS | 5623693 | Ex. F |
| PROCONTROL BY HERC RENTALS | 5531972 | Ex. G |
| **PRO CONTROL by Herc Rentals** | 5618911 | Ex. H |
| HERC RENTALS PROCONTRACTOR | 6142247 | Ex. I |
| HERC ENTERTAINMENT SERVICES | 5498463 | Ex. J |
| **Herc Entertainment Services** | 5421777 | Ex. K |
| HERC RENTALS PROTRUCK | 5823246 | Ex. L |
| HERC ENTERTAINMENT SERVICES | 6255450 | Ex. M |
| HERC PLUS | 6583969 | Ex. N |
| HERC PLUS THE BEST. BETTER. | 6583997 | Ex. O |
| **HERC[+] THE BEST. BETTER.** | 6583998 | Ex. P |

| HERC [+] | 6584000 | Ex. Q |
|----------|---------|-------|

24.     The earliest of these registrations, No. 1609358 for HERC, is dated August 7, 1990. Registration Nos. 1609358 and 4477274 are incontestable.

25.     The registrations above (collectively, the "HERC Registrations," and, together with Herc's common-law rights in the foregoing marks, the "HERC Marks") are valid, subsisting, and in full force and effect.

26.     The HERC Marks are inherently distinctive.

## TERC'S Infringing Activities

27.     TERC is an equipment rental company with its headquarters in the State of Georgia.

28.     Like Herc, TERC offers for rental to the public equipment such as booms, scissor lifts, air compressors, excavators, skid steers, track loaders, bulldozers, and generators.  Accordingly, TERC directly competes with Herc in the equipment rental industry, as the parties offer identical and similar goods and services.

29.     Upon information and belief, TERC began offering its goods and services to the public no earlier than 2019.  Its staff includes former Herc employees Scott Angel, Richard Thomas, and Joshua Nelson.

30.     TERC uses the TERC mark throughout its business, including as its trade name, in advertising, on its website, on social media, and on the equipment it makes available for rent.

31.     The HERC and TERC marks look and sound alike.

32.     TERC commonly uses the TERC mark with the same yellow color scheme as the HERC mark:



33.     Use of the yellow color scheme runs throughout TERC's website:



34.      Those in the target market for the services of both Herc and TERC
encounter the parties' marks in the same channels of trade, as in the example from
LinkedIn below:



35.    Herc has not licensed, consented to, or acquiesced in TERC's use of the confusingly similar TERC mark.

36.    Through the use of the confusingly similar TERC mark, TERC trades off the valuable goodwill in the HERC Marks built over decades at great expense and effort by Herc.  TERC's conduct described herein has created a likelihood of confusion with and likelihood of dilution of the distinctive quality of the HERC Marks, thereby causing irreparable harm to Herc.

37.    Upon information and belief, TERC selected the TERC mark precisely because of its similarity to the HERC marks.  On information and belief, after being made aware of the similarity between the HERC and TERC names, TERC

11

nonetheless modified the style of its logo and began using the color yellow.  Due to the former HERC employees now at TERC, TERC is aware of the similar nature of its name, logo and color scheme.  Accordingly, TERC's infringement has been willful.

38.     Herc has demanded that TERC cease using the TERC mark, yet TERC's use continues.

## COUNT I
## Infringement of Registered Marks, 15 U.S.C. § 1114

39.     Herc repeats and realleges allegations 10–38 of this complaint.

40.     Herc is the owner of the HERC Registrations (see paragraphs 16–26).

41.     The HERC Registrations are valid and entitled to protection (see paragraphs 16-26).

42.     Without Herc's consent and with knowledge of Herc's rights, Defendant has used and continues to use in commerce the TERC mark in connection with the sale, offer for sale, distribution, and advertising of Defendant's goods and services (see paragraphs 27–38).

43.     Defendant's use in commerce of the TERC mark in connection with the sale, offer for sale, distribution, and advertising of its goods and services is likely to cause confusion, to cause mistake, or to deceive (see paragraph 36).

44.     Herc has suffered and will continue to suffer irreparable harm from Defendant's use in commerce of the TERC mark in connection with the sale, offer for sale, distribution, and advertising of Defendant's goods and services, for which Herc has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

45.     Defendant's violation of Herc's rights under 15 U.S.C. § 1114 entitles Herc to an injunction under 15 U.S.C. § 1116 and to Defendant's profits and Herc's costs of this action under 15 U.S.C. § 1117.

## COUNT II
**False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125**

46.     Herc repeats and realleges the allegations 10–38 of this complaint.

47.     Herc is the owner of the HERC Marks (see paragraphs 16–26).

48.     The HERC Marks are valid at common law and entitled to protection (see paragraphs 16–26).

49.     Without Herc's consent and with knowledge of Herc's rights, Defendant has used and continues to use in commerce the TERC mark in connection with the sale, offer for sale, distribution, and advertising of Defendant's goods and services (see paragraphs 27–38).

50.     Defendant's use in commerce of the TERC mark in connection with the sale, offer for sale, distribution, and advertising of its goods and services is likely to

cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or

association of Defendant with Herc, or as to the origin, sponsorship, or approval by

Herc of Defendant's goods and services and commercial activities (see paragraph

36).

51.    Herc has suffered and will continue to suffer irreparable harm from

Defendant's use in commerce of the TERC mark in connection with the sale, offer

for sale, distribution, and advertising of Defendant's goods and services, for which

Herc has no adequate remedy at law to compensate it for the continued and

irreparable harm it will suffer if Defendants' conduct is allowed to continue.

52.    Defendant's violation of Herc's rights under 15 U.S.C. § 1125 entitles

Herc to an injunction under 15 U.S.C. § 1116 and to Defendant's profits and Herc's

costs of this action under 15 U.S.C. § 1117.

**COUNT III**
**Common Law Trademark Infringement and Unfair Competition**

53.    Herc repeats and realleges allegations 10–38 of this complaint.

54.    Through longstanding use in connection with its goods and services,

Herc has established strong common-law rights in and ownership of the HERC

Marks (see paragraphs 16–22, 26).

55.    Defendant's use of the TERC mark in connection with its goods and

services as described above constitutes infringement of and unfair competition with

14

Herc's rights in the HERC Marks under the common law of the State of Georgia (see paragraphs 27–38).

56.    Herc has suffered and will continue to suffer irreparable harm from Defendant's use in commerce of the TERC mark in connection with the sale, offering for sale, distribution, and advertising of Defendant's goods and services, for which Herc has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

### COUNT IV
### Violation of Georgia Uniform Deceptive
### Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

57.    Herc repeats and realleges the allegations 10–38 of this complaint.

58.    Through longstanding use in connection with its goods and services, Herc has established strong common-law rights in and ownership of the HERC Marks (see paragraphs 16–22, 26).

59.    Defendant's conduct described above causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services (see paragraphs 27–36).

60.    Defendant's conduct described above causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Herc (see paragraphs 27–36).

61.   Herc has suffered and will continue to suffer irreparable harm from Defendant's deceptive trade practices, for which Herc has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' deceptive trade practices are allowed to continue.

62.   Herc is entitled to recover its costs and attorneys' fees because Defendant has willfully engaged in deceptive trade practices and refused, despite demand, to cease these practices (see paragraphs 37–38).

### COUNT V
### Trademark Dilution, O.C.G.A. § 10-1-451(b)

63.   Herc repeats and realleges allegations 10–38 of this complaint.

64.   As a result of Herc's continuous and extensive use of the HERC Marks throughout the United States, including the State of Georgia, the HERC Marks have become distinctive, well-known symbols of Herc's goods and services (see paragraphs 16–26).

65.   Herc's use of the HERC Marks is prior to Defendant's use of the TERC mark (see paragraphs 17–22, 29).

66.   The TERC mark is similar to the HERC Marks (see paragraphs 27–36).

67.   Defendant's use of the similar TERC mark is likely to cause injury to the business reputation of Herc and to dilute the distinctive quality of the HERC Marks.

16

68.     Herc has suffered and will continue to suffer irreparable harm from Defendant's dilution of the HERC Marks, for which Herc has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if such dilution is allowed to continue.

## COUNT VI
### Fraudulent Trademark Use, O.C.G.A. § 23-2-55

69.     Herc repeats and realleges allegations 10–38 of this complaint.

70.     Through longstanding use in connection with its services, Herc has established strong common-law rights in and ownership of the HERC Marks (see paragraphs 16–22, 26).

71.     The TERC mark is similar to the HERC Marks (see paragraphs 27–36).

72.     Defendant encroaches upon the business of Herc by use of the similar TERC mark with the intention of deceiving and misleading the public (see paragraphs 27–38).

73.     Defendant's encroachment is a fraud for which Herc is entitled to equitable relief.

74.     Herc has suffered and will continue to suffer irreparable harm from Defendant's use of the similar TERC mark with the intention of deceiving and misleading the public, for which Herc has no adequate remedy at law to compensate

it for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

## COUNT VII
### Expenses of Litigation, O.C.G.A. § 13-6-11

75.     The defendant has acted in bad faith, been stubbornly litigious, and has caused Herc unnecessary trouble and expense. Defendant's principals knew the value of the Herc marks by virtue of their Herc employment and deliberately adopted confusingly similar marks to trade on Herc's reputation for quality. Defendant then refused to cease its infringing behavior despite demand. Accordingly, Herc should recover its expenses of litigation, including its reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Herc respectfully requests that the Court enter judgment in Herc's favor and against TERC as follows:

a.      Permanently enjoining TERC, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successors, assigns, and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, from using the name TERC or any other similarly confusing marks or names in any manner in connection with any and all operations of their business, including, without limitation, the sale, advertising, promotion, or distribution of any of their goods or services;

b.      Directing TERC to file with the Court and serve on Herc within thirty days after the service on TERC of such injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which TERC has complied with the injunction;

c.      To account to Herc for all gains, profits, and advantages derived from TERC's wrongful acts;

d.      Awarding Herc its costs and attorneys' fees for this action to the fullest extent permitted by law or statute; and

e.      Awarding Herc such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of November 2022.

/s/ Frank M. Lowrey IV
Frank M. Lowrey IV
Georgia Bar No. 410310
lowrey@bmelaw.com
BONDURANT MIXSON &
 ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, Georgia  30309
Tel:  404-881-4100
Fax: 404-881-4111

Attorneys for Herc Rentals, Inc. and
Herc Build, LLC

19

20

OF COUNSEL:

Kelly E. Farnan
Jason J. Rawnsley
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
rawnsley@rlf.com