UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JERRAL MADISON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) ) | COMPLAINT – COLLECTIVE ACTION |
| SYSCO ATLANTA, LLC, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff JERRAL MADISON, individually and on behalf of all others similarly situated, by and through his attorneys BROWN, LLC and THE ORLANDO FIRM, P.C., hereby files this Collective Action Complaint against Defendant SYSCO ATLANTA, LLC, and states as follows:

## PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Jerral Madison, individually and on behalf of all similarly situated persons employed by Defendant, Sysco, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Defendant Sysco Atlanta, LLC is a Subsidiary of Sysco Corporation,

the global leader in selling, marketing, and distributing food products, equipment, and supplies to foodservice and hospitality customers.[1]

3.  Plaintiff and members of the putative collective were employed by Defendant as hourly-paid, non-exempt warehouse workers, and were responsible for, *inter alia*, building customer orders on pallets, wrapping pallets, and moving pallets with pallet jacks.

4.  Defendant failed to pay warehouse workers for all overtime hours worked including work performed after clocking out such as moving pallets and cleaning Defendant's facilities.

5.  Defendant also maintained an unlawful policy of excluding nondiscretionary bonus compensation from the workers' "regular rates of pay" for purposes of calculating their overtime rates of pay, in violation of the FLSA. *See* 29 CFR § 778.207.

6.  Plaintiff and the putative FLSA collective members are current and former hourly-paid, non-exempt workers and were subject to Defendant's unlawful common policies of failing to pay workers overtime compensation for all "off-the-clock" hours worked and paying overtime for forty (40) hours in a workweek at rates

---

[1] https://www.sysco.com

that Defendant calculated without including the nondiscretionary bonus compensation the workers received (e.g. payments referenced on the workers' paystubs as ABC Misc. Pay and Retention Bonus), and which were thus lower than the overtime rates the workers were entitled to receive. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions).

7.     As a result, Defendant failed to pay hourly-paid, non-exempt workers including Plaintiff for all hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate of pay, in violation of the FLSA.

8.     Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the "FLSA Collective," defined as: *all current and former hourly-paid warehouse workers who worked for Defendant in the Unites States at any time within the three years preceding the commencement of this action and the date of judgment. See* 29 U.S.C. § 216(b).

9.     Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid, non-exempt warehouse workers of Defendant informing them of their right to assert FLSA claims in this collective action by filing consent forms.

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

11.     Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

12.     This Court has personal jurisdiction over Defendant because Defendant is domiciled in Georgia.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## THE PARTIES

14.     Defendant Sysco Atlanta, LLC is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

15.     Defendant maintains its headquarters at 2225 Riverdale Road, College Park, Georgia 30337.

16.     Defendant has the following Registered Agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Plaintiff Jerral Madison is a resident of the County of Clayton and State of Georgia.

18.     Plaintiff was employed by Defendant as an hourly-paid, non-exempt order selector from approximately March 2022 to June 2022.

19.     Plaintiff worked at Defendant's warehouse in College Park, Georgia.

20.     Plaintiff's written consent to become an FLSA party plaintiff is filed hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

22.     Defendant employed warehouse workers to, *inter alia*, build pallets with customer orders, wrap pallets, and move pallets with pallet jacks in Defendant's warehouse in Georgia.

23.     Defendant classified warehouse workers as non-exempt employees.

24.     Defendant paid hourly-paid, non-exempt warehouse workers on an hourly basis.

25.     Defendant did not guarantee any predetermined amount of pay per week.

26.     Defendant required warehouse workers to work over forty (40) hours

in most weeks.

27.    Warehouse workers reported to supervisors who frequently requested that they perform work after clocking out at the end of their shifts, such as moving pallets and cleaning Defendant's facilities.

28.    This resulted in warehouse workers not being paid for all time worked.

29.    Defendant paid its hourly-paid, non-exempt workers overtime premium compensation for hours worked in excess of forty (40) in a workweek.

30.    The work Defendant suffered and permitted warehouse workers to perform after clocking out included moving pallets and cleaning Defendant's facilities.

31.    Defendant also paid its hourly-paid, non-exempt workers nonovertime premium compensation, including ABC Misc. Pay compensation and Retention Bonus compensation.

32.    Defendant used the codes "ABC Misc. Pay" and "Retention Bonus" to refer to nonovertime premium compensation on the hourly-paid, non-exempt workers' paystubs.

33.    The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R.

§ 778.108.

34.    Defendant did not include nonovertime premium compensation in hourly-paid, non-exempt workers' "regular rates of pay," for purposes of calculating their overtime premium compensation.

35.    Accordingly, in weeks in which Defendant's hourly-paid, non-exempt workers worked in excess of forty (40) hours and earned both overtime and nonovertime premium compensation, the overtime premium compensation they received was calculated at a lower than time-and-a-half of their regular rates of pay, in violation of the FLSA.

36.    Defendant was and is required to include nonovertime premium compensation in each worker's "regular rate of pay," for purposes of calculating the overtime premium compensation. *See* 29 U.S.C. § 778.203 (providing that if "extra compensation … paid for work on Saturdays, Sundays, holidays, or regular days of rest or on the sixth or seventh day of the workweek" is paid at a rate lower than time-and-a-half of the employee's regular rate of pay, "the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime due…."); § 778.207(b).

37.    Defendant did not include nonovertime premium compensation in hourly-paid, non-exempt workers "regular rate of pay," for purposes of calculating

overtime premium compensation.

38.   For example, in the pay period of April 10, 2022 to April 23, 2022, Plaintiff was paid:

   a.  39.99 hours of Regular pay at a rate of $17.75 per hour, for the period of April 10, 2022 to April 16, 2022, equating to $709.82;

   b.  16.65 hours of Overtime pay at a rate of $26.625 per hour (i.e. 1.5x $17.75), for the period of April 10, 2022 to April 16, 2022, equating to $443.31;

   c.  39.99 hours of Regular pay at a rate of $69.49 per hour, for the period of April 17, 2022 to April 23, 2022, equating to $2,778.91;

   d.  1.28 hours of Overtime pay at a rate of $104.235 per hour (i.e. 1.5x $69.49), for the period of April 17, 2022 to April 23, 2022, equating to $133.43;

   e.  ABC Misc. Pay in the amount of $445.63 for the period of April 10, 2022 to April 23, 2022; and

   f.  Retention Bonus pay in the amount of $250.00 for the period of April 10, 2022 to April 23, 2022.

39.   Had Defendant properly included the $445.63 ABC Misc. Pay compensation and $250.00 Retention Bonus compensation in Plaintiff's regular rate

of pay in the pay period from April 10, 2022 to April 23, 2022, it would have paid him $169.53 in Overtime compensation in addition to the $576.74 it paid him for Overtime.

40.     Defendant was aware of, and/or recklessly disregarded the possibility that hourly-paid warehouse workers were performing work after clocking out, but failed to ensure workers were paid for such time.

41.     Defendant was aware of, and/or recklessly disregarded the possibility that it was required to include nonovertime premium compensation in each worker's "regular rate of pay," for purposes of calculating his or her overtime premium compensation, but failed to do so.

42.     Defendant willfully violated the FLSA.

43.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

45.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid, non-exempt workers who have been affected by Defendant's common unlawful policies of failing to pay workers for all overtime hours worked "off-the-clock" and excluding nonovertime premium compensation from the workers' "regular rates of pay" for purposes of calculating their overtime rates of pay, in violation of the FLSA.

46.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of:

*All current and former hourly-paid warehouse workers who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

47.     Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

48.     The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

49.     Plaintiff seeks to send notice to all similarly situated hourly-paid, non-exempt workers as provided by 29 U.S.C. § 216(b) and supporting case law.

50.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29

U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

51.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.  This litigation presents claims under the FLSA, a type that have often been prosecuted on a collective wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

52.     Plaintiff and the putative FLSA collective members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

53.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

54.     29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

55.   Defendant employed Plaintiff and the FLSA Collective members as hourly-paid, non-exempt workers.

56.   At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

57.   At all times relevant to this action, Defendant was and continues to be an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

58.   At all times relevant to this action, Defendant was and continues to operate as an enterprise that has employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

59.   Defendant knowingly "suffered or permitted" Plaintiff and hourly-paid, non-exempt workers to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

60.   Defendant hired hourly-paid, non-exempt workers and determined the rate and method of the payment of their wages.

61.   Defendant controlled the work schedules, duties, protocols,

applications, assignments and work conditions of hourly-paid, non-exempt workers.

62.   Plaintiff and the FLSA Collective members worked over forty (40) hours in most workweeks.

63.   Defendant failed to pay Plaintiff and the FLSA Collective members for all overtime hours worked including work performed after clocking out such as moving pallets and cleaning Defendant's facilities.

64.   Defendant did not include nonovertime premium compensation in hourly-paid, non-exempt workers' "regular rates of pay," for purposes of calculating their overtime premium compensation.

65.   As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay Plaintiff and the FLSA Collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

66.   Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

67.   Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

68.   As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA Collective members are illegally deprived of overtime

wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant, as follows:

(A)   A declaratory judgment that Defendant's policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)   An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C)   Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D)   Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA Collective members;

(E)   Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective members, including the publishing of notice in a manner that is

reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(F)     Designating Plaintiff as the representatives of the FLSA Collective in this action;

(G)     Designating the undersigned counsel as counsel for the FLSA Collective in this action;

(H)     Judgment for damages including all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I)     An incentive award for the Plaintiff for serving as a representative of the FLSA Collective;

(J)     An Order directing Defendant to pay Plaintiff and members of the collective reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA.

(K)     Judgment for any and all civil penalties to which Plaintiff and members of the collective may be entitled; and

(L)     Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA Collective members, by and through undersigned counsel, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: December 8, 2022

RESPECTFULLY SUBMITTED,

By:  /s Roger Orlando
        Roger Orlando
        THE ORLANDO FIRM, P.C.
        315 West Ponce De Leon Ave
        Suite 400
        Decatur, GA 30030
        TEL: (973) 898-0404
        roger@orlandofirm.com

        *Local Counsel for Plaintiff*

        Nicholas Conlon*
        Eric Sands*
        Brown, LLC
        111 Town Square Pl Suite 400
        Jersey City, NJ 07310
        T: (877) 561-0000
        F: (855) 582-5297
        nicholasconlon@jtblawgroup.com
        eric.sands@jtblawgroup.com

        *Application for Admission Pro Hac Vice Forthcoming

        *Lead Counsel for Plaintiff*