IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YI-CHEN LU, )<br>)<br>      Petitioner, )<br>)<br>v. )<br>_____ )<br>)<br>MERRICK GARLAND, )<br>U.S. Attorney General, )<br>ALEJANDRO MAYORKAS, )<br>Secretary of U.S. Department of )<br>Homeland Security, )<br>UR MENDOZA JADDOU, Director )<br>U.S. Citizenship and Immigration )<br>Services, )<br>CHRISTOPHER WRAY, Director )<br>Federal Bureau of Investigation, )<br>TRACY RENAUD, Director )<br>Service Center Operations Directorate)<br>)<br>      Respondents. )<br>_____) | **Case Number** |

## COMPLAINT FOR THE WRIT OF MANDAMUS

Petitioner, YI-CHEN LU, by and through his attorneys, now asks this court to issue the Writ of Mandamus commanding the Respondents to take action as set forth in this Complaint, and alleges the following:

## INTRODUCTION

1. This is a civil action brought by Petitioner to compel Respondent agencies and officers of the United States to adjudicate his Form I-765, Application for Employment Authorization (hereafter "I-765"), so that his Employment Authorization Document (hereafter "EAD") may issue.

2. Petitioner is married to Jae Youn Kim, a United States citizen. She filed Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Service (hereafter "USCIS") on January 27, 2022 to classify Yi-Chen Lu as the spouse of a U.S. citizen. Petitioner concurrently filed Form I-485, Application to Adjust Status, and Form I-765 with his spouse's I-130 petition. Almost 11 months have elapsed and Petitioner's EAD card has not yet been issued.

3. Petitioner's application is ripe for adjudication.

4. Respondents are charged by law with the statutory obligation to adjudicate these Applications within a reasonable time.

5. Petitioner has no other adequate remedy, so he brings this action to compel Respondents to perform their duties as required by law.

## JURISDICTION AND VENUE

6. This is a civil action brought pursuant to 28 U.S.C. § 1361, The Mandamus Act, granting federal district courts with jurisdiction to compel an officer of the United States to perform a duty owed to the plaintiff.

7. This action is also brought pursuant to 5 U.S.C. § 555(b) and 5 U.S.C. § 702, the Administrative Procedures Act ("APA"), which requires government agencies to conclude matters within a reasonable time and allows persons suffering legal wrong due to agency action or inaction to seek judicial review. 5 U.S.C. § 706(1) authorizes federal courts "to compel agency action unlawfully withheld or unreasonably delayed." Jurisdiction is conferred by 28 U.S.C. § 1331, which provides federal district courts with subject matter jurisdiction (federal question jurisdiction).

8. Venue is proper under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States in their official capacities, brought in the district where Petitioner resides. Many of the events or omissions giving rise to the claim occurred in this judicial district and no real property is involved in this action.

## PARTIES

9. Petitioner YI-CHEN LU is a citizen and national of Taiwan. He is married to U.S. citizen, Jae Youn Kim. He is a resident of the State of Georgia and resides in Gwinnett County.

10. MERRICK GARLAND is the Attorney General of the United States. He is charged with the administration and enforcement of the country's immigration laws. 8 U.S.C. § 1103 (a). He is sued in his official capacity.

11. ALEJANDRO MAYORKAS is the Secretary of DHS. He is charged with any and all responsibilities and authority in the administration of the DHS as have been delegated or prescribed by the Attorney General. He is sued in his official capacity.

12. UR MENDOZA JADDOU is the Director of USCIS. He is charged with any and all responsibilities and authority in the administration of the USCIS as have been delegated or prescribed by the Attorney General. He is sued in his official capacity.

13. CHRISTOPHER A. WRAY is the Director of the Federal Bureau of Investigation ("FBI"). He is charged with any and all responsibilities and authority in performing security background checks for immigration applicants. He is sued in his official capacity.

14. TRACY RENAUD is the Director of the Service Center Operations Directorate (SCOPS). SCOPS consists of five service centers that process various applications and provide decisions to persons seeking immigration benefits. Ms. Renaud oversees the operations at all five service centers, including the National Benefits Service Center where the Petitioner's I-765 was filed.

## BACKGROUND

15. Individuals who are married to U.S. citizens are classified as immediate relative and are immediately eligible to file for a visa. INA § 201(b)(2)(A)(i), 8 U.S.C § 1151(b)(2)(A)(i).

16. Immediate relatives may concurrently file Form I-130 (petition to be classified as alien relative) and File I-485 (application to adjust status). *Form I-485 Instructions, page 21*.

17. Applicants adjusting their status may also file Form I-765 to apply for employment authorization while their I-485 application is pending. *Form I-765 Instructions, page 11*.

18. This is the means by which immediate relatives gain employment authorization during the lengthy adjustment of status process.

## STATEMENT OF FACTS

19. Petitioner, Yi-Chen Lu, is a citizen and national of Taiwan. He is married to Jae Youn Kim, a U.S. citizen. Ms. Kim and Mr. Lu filed Forms I-130, I-485, and I-765 on January 27, 2022 with the National Benefits Center (hereafter "NBC"). **Exhibit A**, *Receipt Notices for Forms I-130, I-485 & I-765*.

20. Mr. Lu received a notice from USCIS requesting biometrics at a local Application Support Center. **Exhibit B**, *Biometrics Appointment Notice*. The Petitioner completed his biometrics on March 3, 2022. However, he has not received any other correspondence from USCIS regarding the status of his I-765 application.

21. The Petitioner made multiple inquires with USCIS from August 2022 to October 2022 regarding the case status of his I-765 Application. **Exhibit C**, *e-Inquiries to USCIS*. However, USCIS refused to look into the matter claiming

the case was still within the posted processing times and that it would not create an inquiry.

22. Petitioner's I-765 Application is now outside of normal processing times, but as of the date of this Complaint, Petitioner still has not received his EAD card.

23. Under the law, USCIS has a non-discretionary duty to adjudicate I-765 Applications within a reasonable period of time.

24. According to the most recent report issued by the NBC, the processing time for I-765 Applications (for adjustment applicants, category (c)(9)) is 8.5 months. **Exhibit D,** *Copy of NBC Processing Times for Form I-765.*

25. The estimated wait time by the NBC to process I-765 Applications for spouses of U.S. citizens is excessive. It represents a failure by Respondents to perform the duties owed to the Petitioner by adjudicating his petition within a reasonable amount of time. In addition, the NBC has exceeded its normal processing time to process the Petitioner's I-765 Application, which also violates its duty to timely adjudicate applications.

26. Upon information and belief, there is no legitimate reason for the excessive delay in adjudicating Petitioner's I-765 Application.

27. Petitioner requires authorization from USCIS to obtain gainful employment. Several months ago, Petitioner accepted an offer of employment with a large technology company based on USCIS's posted processing times. By

withholding adjudication for such an excessive period of time, Respondents have prejudiced Petitioner's ability perform his employment contract.

28. Petitioner's lawful employment is essential to provide for his family. His U.S. citizen spouse is currently pregnant and ready to give birth. She will be unable to work after delivery and therefore relies on the Petitioner for support.

29. The Respondent government agencies and officers named in this Complaint have adequate resources to perform their duties in a reasonable time, including the duties that must be performed in adjudicating an I-765 Application, such as the one submitted by Petitioner.

30. The failure of the Respondents to perform the duties owed to Petitioners and adjudicate his I-765 Application within a reasonable period of time has caused substantial and significant hardship to Petitioner.

31. Petitioner has exhausted his administrative remedies and therefore files the present Writ.

## CAUSES OF ACTION

## COUNT I - MANDAMUS

32. Petitioners incorporate the preceding paragraphs as if fully set forth herein.

33. The Mandamus Act, 28 U.S.C. § 1361, provides the federal district courts with jurisdiction to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

34. Respondents have a clear duty to adjudicate Petitioner's I-765 Application because USCIS charges applicants filing fees to recover its operating costs for providing services.

35. Petitioner has paid a fee to USCIS to adjudicate his employment authorization application when he paid the appropriate I-485 filing fee (which was filed together with Form I-765).

36. Respondents have violated their duty to Petitioner by failing to adjudicate his application. Respondents' violation of their duty to Petitioner has deprived him of his ability to obtain gainful employment and support his growing family.

37. As a result, Petitioner has suffered irreparable harm and damages entitling him to injunctive and other relief.

## COUNT II – ADMINISTRATIVE PROCEDURES ACT

38. Petitioners incorporate the preceding paragraphs as if set forth in full herein.

39. The Administrative Procedures Act, 5 U.S.C. § 555(b), requires government agencies to conclude matters within a reasonable time.

40. Respondents have a non-discretionary duty to adjudicate Petitioner's I-765 Application within a reasonable time. The current posted processing time for I-765 Applications at the NBC in 8.5 months, which is an unreasonably long time considering this is the only way for individuals with pending I-485 Applications (green cards) to obtain gainful employment.

41. However, Petitioner's I-765 Application has been pending longer than USCIS's estimated processing time - it has been pending for almost 11 months. Respondents have exceeded their own processing time, which is further evidence that the delay is unreasonable and excessive.

42. As a result, Petitioner has been prejudiced by the delay because he is unable to perform on his employment contract and support his growing family.

43. By failing to act upon Petitioner's I-765 Application, Respondents have unlawfully withheld and unreasonably delayed agency action under § 706 (1), authorizing this Court to compel Respondents to act.

## COUNT III - FIFTH AMENDMENT

## The Due Process and Equal Protection Clauses

44. Petitioners incorporate the preceding paragraphs as if set forth in full herein.

45. Respondents' failure to act as alleged herein violate Petitioner's rights to due process and equal protection of law protected by the Fifth Amendment to the United States Constitution.

46. As a result, Petitioner has suffered irreparable harm and damages and his happiness and livelihood have been placed in serious jeopardy due to the failure to process his I-765 Application.

## **Prayer for Reliefs**

WHEREFORE, Petitioner YI-CHEN LU prays this Court for the following relief:

A. Grant Petitioner's request for a Writ of Mandamus against Respondents;

B. Order Respondents, jointly and severally, to adjudicate Petitioner's I-765 Application no later than 30 days after entry of such order;

C. Retain jurisdiction of this action for purpose of enforcing the orders issued by the Court;

D. Award Petitioner attorneys' fee and costs pursuant to 28 U.S.C. § 2412 and any other applicable statutory, common law, or Constitutional provision; and

E. Grant Petitioner any such other relief as this Court deems just and proper at law and in equity.

Date: December 12, 2022        Respectfully submitted,

_____
NGUYEN & PHAM, LLC
By: Jenny Nguyen
Georgia Bar No. 756729
By: Christina Goldstein
Georgia Bar No. 311054

5430 Jimmy Carter Blvd, Ste 202
Norcross, GA 30093
Tel: 770-685-7561; Fax: 770-685-7564
Email: immigration@npattorney.com
ATTORNEYS FOR PETITIONER